IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NELSON RIVERA-GARCIA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 10-2271 (PG)
(CRIMINAL 02-391(PG))

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner has filed three motions brought under 28 U.S.C. § 2255, Civil No. 11-1017/1018 and the present motion.  However, this motion is comprised of a 17-page memorandum of law in support of the other two motions, which have been consolidated and which are filed after the memorandum of law in support. The government has called this memorandum duplicative but the motions refer to a memorandum and this is the only one petitioner has filed.  Petitioner himself makes reference to the memorandum in support of the motion in his subsequent pleading, referring to it as "under different cover". (Civil No. 11-1017, Docket No. 1 at 4).  Petitioner has suffered convictions in three cases and attacks two of those convictions.  The remaining conviction was the result of a guilty plea. Petitioner proceeded to trial, which began on April 27, 2005. (Criminal No. 02-

CIVIL 10-2271 (PG)                                              2
(CRIMINAL 02-391 (PG))

391, Docket No. 375).  On May 18, 2005, the jury returned a verdict of guilty. (Criminal No. 02-391, Docket No. 430).

Petitioner was sentenced on August 16, 2006 to life imprisonment. (Criminal No. 02-391, Docket Nos. 510, 511).  Petitioner filed a notice of appeal. On February 24, 2009, the sentence of life imprisonment was affirmed. <u>United States v.Rodriguez-Lozada</u>, 558 F.3d 29 (1st. Cir. 2009).

This matter is before the court on motion filed by petitioner on December 28, 2010 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.)  The government filed a response in opposition to the motion on February 15, 2011.  (Docket No. 3).

Having considered the arguments of the parties and for the reasons set forth not only below, but in my report and recommendation filed in Civil No. 11-1017 and 11-1018, I recommend that the petitioner's motion to vacate sentence be DENIED.

I.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

CIVIL 10-2271 (PG)                                            3
(CRIMINAL 02-391 (PG))

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

*Ineffective Assistance of Counsel*

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This inquiry involves a two-part test." Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23

CIVIL 10-2271 (PG)                           4
(CRIMINAL 02-391 (PG))

(1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689).  "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694); see Mattei-Albizu v. United States, 699 F. Supp. 2d 404, 407 (D.P.R. 2010).  However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 691).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15).  The defendant bears the burden of proof for both elements of the test.  Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005), cert. denied, 525 U.S. 942 (2010), (citing Scarpa v. DuBois, 38 F.3d at 8-9).

   After reviewing the record, I find that there is no credible information to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness.  I explain.

CIVIL 10-2271 (PG)                                                5
(CRIMINAL 02-391 (PG))

Petitioner argues that he suffered three substantial constitutional violations: 1) Denial of effective assistance of trial counsel at all critical stages of the case—pretrial, during trial, and at sentencing—in violation of the Fifth and Sixth Amendments; 2) Denial of effective assistance of appellate counsel on direct appeal in that glaring constitutional issues were not raised under the Fifth and Sixdth Amendments; 3) Denial of a fair trial due to prosecutorial misconduct that was intentional and also unlawful, in violation of the Fifth Amendment. (Docket No. 1 at 1, 2).  Counsel is charged with failing to investigate the case adequately, failing to file timely motions, and to move to sever counts. Counsel is also charged with not attempting to exclude irrelevant evidence, failing to object to the government's use of a paid witness, and failing to object to unconstitutional jury instructions, as well as "failing to object to major sentencing issues."

Another review of the motion for collateral relief and supporting memorandum reveals that the arguments are undeveloped, not sustained by circuit case law, and are conclusory in nature.  Indeed, petitioner repeats his arguments within his brief as though to expand or substantiate the same.  As to the paid witness, the government's "duty is as much 'to refrain from improper methods calculated to produce a conviction as it is to use every legitimate means to bring about a just one[.]'"  United States v. Giry, 818 F.2d 120, 133 (1st Cir. 1987) (quoting Berger v. United States, 295 U.S. 78, 88 (1935)); see also United

CIVIL 10-2271 (PG)                                          6
(CRIMINAL 02-391 (PG))


States v. Meserve, 271 F.3d 314, 333 (1st Cir. 2001); United States v. Knott, 256 F.3d 20, 29 (1st Cir. 2001); United States v. Bartehlo, 129 F.3d 663, 670-71 (1st Cir. 1997).  It is also true that it benefits the administration of justice to have the guilty punished and the innocent go free. There is no showing that the government engaged in improper conduct.  By his own words, petitioner is a career offender.  His arguments are practically at loggerheads with his admissions at the change of plea hearing in Criminal No. 03-250 (PG).  Furthermore, notwithstanding the clear severity of the sentences, the court made its supported and reasoned findings and petitioner was sentenced well within the applicable sentencing range.  There was no error. See United States v. Antonakopoulos, 399 F.3d 68. 77 (1st Cir. 2005, citing United States v. Olano, 507 U.S. 725 (1993).


### III.  CONCLUSION

"Under Strickland v. Washington, . . . counsel is not incompetent merely because he may not be perfect.  In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).  Federal habeas relief is reserved only for the poorest performances.   In this case, the defendant was represented by an experienced practitioner in this court.  Petitioner has not

CIVIL 10-2271 (PG)                                    7
(CRIMINAL 02-391 (PG))

satisfied the first prong of Strickland.  There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment.  It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005);    United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'"  Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974) (quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961)).

In view of the above, and notwithstanding the involvement of a binary analysis, I find that petitioner Nelson Rivera-Garcia has failed to establish that his counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).  The prejudice prong of Strickland is therefore not addressed.   I adopt my report and recommendation in Civil 11-1017/1018 by reference.

### III.  CONCLUSION

CIVIL 10-2271 (PG)                                              8
(CRIMINAL 02-391 (PG))

I find that petitioner's motion under 2255 is meritless. In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 15th day of October, 2013.

S/JUSTO ARENAS
United States Magistrate Judge

CIVIL 10-2271 (PG)                    9
(CRIMINAL 02-391 (PG))

CIVIL 10-2271 (PG)                    10
(CRIMINAL 02-391 (PG))